UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARK ALEXANDER,

       Plaintiff,

v.

COMMUNITY FINANCIAL
CREDIT UNION,

       Defendant.
_____/

Case No. 4:23-cv-11135
District Judge F. Kay Behm
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST DEFENDANT CFCU

**I.      RECOMMENDATION**: The Court should dismiss Plaintiff's claims against Defendant Community Financial Credit Union (CFCU) without prejudice.

**II.     REPORT:**

Clark Alexander filed this consumer credit lawsuit in pro per in May 2023. In June 2024, the Court granted Plaintiff's application to proceed *in forma pauperis* (see ECF Nos. 3, 4, 6), referred the case to me for full pretrial matters (ECF No. 9), entered an order directing Plaintiff to complete service documents and for service of process by the U.S. Marshal (ECF No. 7), and entered a notice to Plaintiff regarding service of process (ECF No. 8). The June 17, 2024 order and notice each direct Plaintiff to "complete and present to the Clerk's Office" various

service-related documents "within fourteen (14) days of the date of this Notice." (ECF No. 7, PageID.18; ECF No. 8, PageID.19.) Thus, Plaintiff's documents were due on or about July 5, 2024. See Fed. R. Civ. P. 6(a) ("Computing Time."), Fed. R. Civ. P. 6(d) ("Additional Time After Certain Kinds of Service.").

On September 6, 2024, at which point the docket did not reflect receipt of such documents by the Clerk's Office, and Defendant CFCU had not appeared otherwise, the Court ordered Plaintiff "to **SHOW CAUSE IN WRITING ON OR BEFORE September 26, 2024**, as to why his claims against Defendant CFCU should not be dismissed for his apparent failure to comply with the Court's June 17, 2024 order and notice (ECF Nos. 7, 8) and/or otherwise effect service upon CFCU in accordance with Fed. R. Civ. P. 4(m) ("Time Limit for Service.")." (ECF No. 10, PageID.22 (emphasis in original).)  The order further stated:  "In the event that Plaintiff fails to timely comply with this order and establish good cause, the Court will issue a Report and Recommendation that Plaintiff's claims against Defendant CFCU be dismissed without prejudice."  (*Id.* (emphasis in original).)

To date – *i.e.*, 35 days after the September 26, 2024 deadline – Plaintiff has not filed a response to the Court's show cause order, and there is no indication on the docket that the Court's show cause order was returned as undeliverable. Moreover, the docket still does not reflect receipt of service documents by the Clerk's Office, nor has Defendant CFCU otherwise appeared.  Accordingly, the

2

Court should **DISMISS** Plaintiff's claims against Defendant CFCU without prejudice.

### III.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: October 31, 2024

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE